UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA GRAVIETT,

Plaintiff, Hon. Phillip J. Green

v.

Case No. 1:25-cv-1052

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____________________________________/

## OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, and her claim for Supplemental Security Income (SSI) under Title XVI. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision will be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 US 389, 401 (1971).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

**BACKGROUND**

Plaintiff was forty years of age on her alleged disability onset date. (ECF No. 4-2, PageID.69). She completed high school and worked previously as a Bar Manager. (*Id.*). Plaintiff applied for benefits on May 11, 2022, alleging that she had been disabled since January 1, 2020. (*Id.* at PageID.60).

Plaintiff's application was denied, as was her request for reconsideration, after which time she requested a hearing before an Administrative Law Judge (ALJ). (*Id.*). Following an administrative hearing, and in an opinion dated October 8, 2024, the ALJ determined that Plaintiff did not qualify for disability benefits. (*Id.* at PageID.70). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff timely initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a), 416.920(a).

Plaintiff has the burden to demonstrate she is entitled to disability benefits, and she satisfies this burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age,

education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A). While the burden of proof shifts to the Commissioner at step five of the sequential process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from diabetes mellitus, alcohol-induced pancreatitis, chronic obstructive pulmonary disease (COPD), hypertension, alcohol use disorder, cannabis use disorder, cocaine use disorder, and anxiety disorder, severe impairments that, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (ECF No. 4-2, PageID.63).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to a number of exertional and non-exertional limitations. (*See id.* at PageID.65). The ALJ found that Plaintiff was unable to perform her past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at

316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there are more than 200,000 jobs in the national economy that an individual with Plaintiff's RFC can perform, such limitations notwithstanding. (ECF No. 4-2, PageID.70). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits. (ECF No. 4-2, PageID.70).

**ANALYSIS**

The single issue in this case is simple and straightforward. Plaintiff argues that the ALJ erred in formulating the RFC based on his assessment of the medical evidence without the benefit of any functional medical opinion. (*See* ECF No. 10, PageID.2512-17). Plaintiff relies on the district court decision in *Deskin v. Commissioner of Social Security,* 605 F. Supp.2d 908, 912 (N.D. Ohio 2008), for the proposition that an ALJ errs in formulating an RFC without a medical source opinion, or with an outdated medical source opinion. (*See id.* at PageID.2514-16). As the rule articulated in *Deskin* runs contrary to Sixth Circuit precedent, this Court declines to adopt it. Moreover, the Court notes that the so-called *Deskin* rule has been criticized by many judges, even within the Northern District of Ohio where the

case originated. *See Clinton v. Commissioner of Social Security*, Case No. 1:24-cv-0654, 2025 WL 854331, *4 (W.D. Mich. March 19, 2025) (citing cases)).

The RFC need not be based on a medical provider's opinion. *See Rudd v. Commissioner of Social Security*, 531 F. App'x 719, 728 (6th Cir. 2013). In *Rudd*, the Sixth Circuit noted:

> [T]he Commissioner has final responsibility for determining an individual's RFC . . . and to require the ALJ to base her RFC finding on a physician's opinion "would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is under a disability, and thus would be an abdication of the Commissioner's statutory responsibility to determine whether an individual is disabled."

*Id.* (quoting SSR 96-5p, 1996 WL 374183 (July 2, 1996)). "It is the ALJ, not a physician, who is charged with the responsibility of determining a claimant's RFC based on the evidence as a whole." *Clinton*, 2025 WL 854331 at *4 (citing 20 C.F.R. §§ 404.1545(a)(1), (3), 416.945(a)(1), (3)); *see also Poe v. Commissioner of Social Security*, 342 F. App'x 149, 157 (6th Cir. 2009) (noting that "an ALJ does not improperly assume the role of a medical expert by assessing the medical and non-medical evidence before rendering a residual functional capacity finding").

Having found no error in the only issue Plaintiff raised, and with substantial evidence to support the ALJ's decision that Plaintiff was not disabled, the Commissioner's decision is affirmed. A judgment consistent with this opinion will enter.

Dated: August 13, 2026

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA GRAVIETT,

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_____________________________________/

Hon. Phillip J. Green

Case No. 1:25-cv-1052

**JUDGMENT**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Commissioner's decision is **AFFIRMED**.

Dated:

______________________________
PHILLIP J. GREEN
United States Magistrate Judge